# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 15-1461**

**September Term, 2016**

**FCC-80FR79136**

**Filed On: August 4, 2017**

Global Tel*Link,

      Petitioner

    v.

Federal Communications Commission and
United States of America,

      Respondents

-------------------------------

Centurylink Public Communications, Inc., et al.,

      Intervenors

-------------------------------

Consolidated with 15-1498, 16-1012, 16-1029, 16-1038, 16-1046, 16-1057

    **BEFORE:**    Pillard*, Circuit Judge; Edwards and Silberman, Senior Circuit Judges

## O R D E R

It is **ORDERED**, on the court's own motion, that the opinion issued June 13, 2017, be amended by appending to the opinion the "Clarification and Amendment of the Majority Opinion," attached to this order.

The Clerk is directed to issue the amended opinion.

### Per Curiam

                **FOR THE COURT:**
                Mark J. Langer, Clerk

BY:   /s/

                Ken Meadows
                Deputy Clerk

*Circuit Judge Pillard does not join in the "Clarification and Amendment of the Majority Opinion."

CLARIFICATION AND AMENDMENT OF THE MAJORITY OPINION

After the opinions in this case were issued, the Wright Petitioners filed a petition for rehearing en banc, challenging the panel majority's decision on three points relating to the FCC's *Order* on interstate and intrastate prison phone rates. On the three points in issue, the majority opinion reaches the following judgments:

- We hold that the *Order*'s proposed caps on *intrastate* rates exceed the FCC's statutory authority under the 1996 Act. We therefore vacate this provision.

- We further hold that the use of industry-averaged cost data as proposed in the *Order* is arbitrary and capricious because it lacks justification in the record and is not supported by reasoned decisionmaking. We therefore vacate this provision.

- We find that the *Order*'s proposed wholesale exclusion of site commission payments from the FCC's cost calculus is devoid of reasoned decisionmaking and thus arbitrary and capricious. This provision cannot stand as presently proposed in the *Order* under review; we therefore vacate this provision and remand for further proceedings on the matter.

*Global Tel\*Link v. FCC*, 859 F.3d 39, 45 (D.C. Cir. 2017).

In its petition for rehearing en banc, the Wright Petitioners complain that, "[a]lthough this case involves an ambiguous statute administered by the FCC, the panel did precisely what *Chevron* disclaimed: it 'impose[d] its own construction on the statute' rather than defer to the FCC's detailed analysis of an ambiguous statute. . . . The panel opinion creates a dangerous loophole to evade judicial review when agencies are unable or unwilling to justify changed positions." Br. for Wright Petitioners at 6, 8 (quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)). These claims are meritless.

Lest there be any confusion over the majority's opinion going forward, there are two points that warrant clarification. First, the majority opinion carefully analyzes the terms of the FCC's *Order* and the agency's justifications in support of the *Order*. The majority does not second-guess the agency. Rather, the majority found the FCC's justifications for the proposed caps on intrastate rates "manifestly contrary to the statute," *Chevron*, 467 U.S. at 844, and clearly unworthy of deference.

Second, as noted above, after reviewing the entire record in this case, the majority opinion concludes that "the *Order*'s proposed caps on *intrastate* rates exceed the FCC's statutory authority under the 1996 Act." It goes without saying that if an agency action exceeds its statutory authority, the agency is entitled to no deference under *Chevron*. *See, e.g.*, *Sullivan v. Zebley*, 493 U.S. 521, 541 (1990); *Goldstein v. SEC*, 451 F.3d 873, 880–81 (D.C. Cir. 2006). As the concurring opinion notes, "the statute's structure and context demonstrates that the agency's interpretation would fail at *Chevron*'s second step; it is an unreasonable (impermissible) interpretation of section 276." If this point was lost in the original opinion issued by the majority, we make it clear now. We need

not and do not decide whether we were required to follow *Chevron* Step Two even though the agency declined to defend its position before the court. The important point here is that we have carefully analyzed the contested provisions of the FCC's *Order* and found that they cannot survive review under either the "best reading" of the statute standard, *Miller v. Clinton*, 687 F.3d 1332, 1342 (D.C. Cir. 2012) (quoting *Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1136 (D.C. Cir. 2001)), or pursuant to *Chevron* Step Two.

There is no *Chevron* question with respect to the majority's decision on the use of industry-averaged cost data as proposed in the *Order*. The majority found that provision arbitrary and capricious because it lacks justification in the record and is not supported by reasoned decisionmaking. The same is true with respect to the majority decision on the *Order*'s proposed wholesale exclusion of site commission payments from the FCC's cost calculus. We found that provision devoid of reasoned decisionmaking and thus arbitrary and capricious. It is clear that no *Chevron* deference is due to agency decisions that are unsupported by reasoned decisionmaking.